IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ZAKKAWUNDA MOSS, #524910,[1]       :

    Plaintiff,                  :

vs.                                 :   CIVIL ACTION 15-00310-CG-B

SERGEANT ASHELY KIDD, *et al.*,    :

    Defendants.                :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 during his incarceration at Holman Correctional Facility ("Holman") in the Southern District of Alabama. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be stated.

---

[1]     The Clerk is **DIRECTED** to change the spelling of Moss' first name to Zakkawunda, changing the "o" to "u."  See Doc. 4 at 6. In addition, the Court notes Moss's ADOC inmate number is the same inmate number Moss gave for his incarceration at the Tennessee prison. (Doc. 7).

**I.  Complaint. (Doc. 1).**

Plaintiff Moss names as Defendants officials at the Holman facility, namely, Sergeant Ashley Kidd, Captain Darryl Fails, and Warden Gwendolyn Givens.  (Doc. 1 at 5-6).  The following is a description of the pertinent allegations in Moss' complaint.

While incarcerated at the Holman facility on April 28, 2015, Moss "was detained and placed in seg[regation] and served with a R-9 form (incident report)" after inmate Daniels was stabbed outside.  (Id. at 4) (parenthesis in original).  Moss maintains that the R-9 form "clearly stated" due process must be initiated within 72 hours, excluding weekends and holidays, which meant no later than May 1, 2015 at 4:45 p.m.  (Id.).  Not withstanding, nothing occurred until May 6, 2015, when Defendant Fails issued a write-up (disciplinary) after the 72-hour period.  Moss alleges this violated his due process rights.  (Id. at 5).  Moss sent Defendant Fails several request slips inquiring about the proceedings, but Fails did not respond to them.  (Id.).

On May 20, 2015, Defendant Kidd held Moss's disciplinary hearing during which Moss told her that his due process rights had been violated and showed her the R-9 form.  (Id.).  She told Moss that "the [lieutenant] said that the write-up was good so she didn't need to read it."  (Id.).

On May 21, 2015, Defendant Givens approved the disciplinary even though Moss had informed her of the due process violation that had occurred prior to the hearing. (Id. at 6). Defendant Givens told Moss that she "would look into it, but she approved the [disciplinary] as though no violation occurred." (Id.).

For relief, Moss requests all Defendants be demoted and "compensation" for a violation of his constitutional rights. (Id. at 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490

---

[2]  The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

3

(11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998),

overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In order to state a claim for a violation of due process, a deprivation of "life, liberty, or property" must have occurred (and be alleged) in order for due process to attach. Wolff v. McDonnell, 418 U.S. 539, 556-58, 94 S.Ct. 2963, 2974-75, 41 L.Ed.2d 935 (1974); cf. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." (emphasis in original and citations omitted)).

In the prison disciplinary context, the determination of

whether a liberty interest is present is governed by the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 318 (1995).  In Sandin, the Court determined that no longer would a violation of the mandatory language of a state's regulation governing disciplinaries give rise to a protected liberty interest.  Id. at 480-84, 115 S.Ct. at 2298-2300.  The Court decided to return to prior, due-process principles that required a liberty interest of real substance, that is, a grievous loss, be present in order for due process to attach.  Id. at 478-80, 115 S.Ct. at 2297-98.

Addressing the case before it, the Supreme Court held that there is no right inherent in the Constitution to be free from disciplinary segregation.  Id. at 487, 115 S.Ct. at 2302. Furthermore, the Court determined that in the future a protected liberty interest created by the state in the prison disciplinary context "will be generally limited to freedom from restraint which, . . . while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484, 115 S.Ct. 2300. The Court concluded that mere confinement to disciplinary segregation was a type of discipline that should be expected by

6

an inmate as an incident to his criminal sentence.  Id. at 485, 115 S.Ct. at 2301.

In applying this reasoning, the Sandin Court found that the prisoner did not have a liberty interest based on his thirty-day confinement to disciplinary segregation, as his confinement to disciplinary segregation was not a dramatic departure from his criminal sentence and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  Id. at 474, 486-87, 115 S.Ct. at 2296, 2301-02.

In the present action, Moss' only complaint is that his disciplinary hearing was not commenced within the 72 hours noted on the form charging him with a disciplinary infraction.  This alleged delay serves as the basis for his claims that his disciplinary and its appeal are defective.  Moss' allegations, however, do not inform the Court of the disciplinary infraction with which he was charged or the conviction and sentence that resulted after having been found guilty of the charge.  And, Moss did not file a copy of the disciplinary proceeding in this action.  Thus, the information before the Court is scarce and does not reflect that Moss sustained "an atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484, 115 S.Ct. at 2300.

7

Consequently, Moss has failed to establish that he has a protected liberty interest. See Id. at 474, 486-87, 115 S.Ct. at 2296, 2301-02 (Sandin's thirty-day confinement to disciplinary segregation was found not to constitute a liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest); Mathews v. Moss, 506 F. App'x 981, at **1 (11th Cir. 2013) (finding that confinement to administrative segregation for short periods of time, 24 days and 18 days, did not constitute a liberty interest to which due process attached);[3] Allen v. Secretary Dep't of Corr., 578 F. App'x 836, 839 (11th Cir. 2014) (finding the plaintiff did not allege a deprivation of a liberty interest despite alleging as a result of two disciplinaries, he was placed in administrative and disciplinary segregation).

Because Moss has not established that he has a liberty interest, he is not entitled to receive due process. Sandin, 515 U.S. at 487, 115 S.Ct. at 2302. Therefore, a violation of the state's rules governing the administration of disciplinary proceedings does not provide a basis for a violation of a

---

3   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

constitutional right.  See Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1527 (11th Cir. 1987) ("[E]ven if the state statute has been violated, that does not prove a violation of a federal constitutional right."); Smith v. Georgia, 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("not every violation by a state agency of its own rules rises to the level of a due process infringement").

Furthermore, the Eleventh Circuit has "never held that prisoners have a constitutional right to an administrative appeal from a disciplinary proceeding." Moulds v. Bullard, 345 F. App'x 387, 389 n.1 (11th Cir. 2009), rev'd on other grounds, 452 F. App'x 851 (11th Cir.2011); see Johnson v. Patterson, CA No. 13-00221-KD-B, 2014 WL 4771738, at *9 (S.D. Ala. 2014) (unpublished) (same).

Accordingly, Moss has failed to state a claim upon which relief can be granted.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **January, 2016.**

>                             /s/ SONJA F. BIVINS
>                       **UNITED STATES MAGISTRATE JUDGE**